Filed 2/28/22  P. v. Yale CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>KIMBERLY ANN YALE,<br><br>    Defendant and Appellant. | A162470<br><br>(Humboldt County<br>Super. Ct. No. CR2002989C) |

**MEMORANDUM OPINION***

Defendant Kimberly Ann Yale was convicted on her plea of guilty to being an accessory after the fact to a felony robbery and was placed on probation.  (Pen. Code, § 32.)  One of the probation conditions required her to submit to warrantless searches of her electronic devices.

As the factual basis for the plea, the parties stipulated that Yale drove with two other people to a residence in Arcata, where her two companions, Michelle Odjick and Jason Smith, demanded money from the victim.  When the victim refused, Smith fired a pistol, striking the victim in the arm.  Yale, Smith, and Odjick ran to Yale's car, and she drove them away.

---

* We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.

Yale contends, and the Attorney General concedes, that on this record the electronics search condition was invalid and that her counsel rendered ineffective assistance in failing to object to it. We agree.

"[A] condition of probation which requires or forbids conduct which is not itself criminal is valid if that condition is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486.) Our high court applied this rule to electronics search conditions in *In re Ricardo P.* (2019) 7 Cal.5th 1113. The appellate court there had concluded, and our Supreme Court presupposed, that the condition did not relate to conduct that was itself criminal and that no electronic device was involved in the crime at issue. The only issue before the high court was whether the condition was reasonably related to future criminality. (*Id.* at pp. 1116, 1119.) Since there was no indication the probationer had used or would use electronic devices in connection with illegal activity, the condition was held invalid because the burden it imposed on the probationer's privacy was substantially disproportionate to the legitimate goals of rehabilitation and public safety. (*Id.* at pp. 1116, 1119, 1128–1129.)

The condition here must fall under these standards. Possession of electronics is not criminal in itself. We have reviewed the transcript of the preliminary hearing and, while it shows Odjick used electronic devices in connection with the crime, there is no indication Yale herself participated in any such electronic communications or used devices in any manner related to the crime. Nor is there any indication she has used or will use electronic devices in connection with any other criminal activity. The condition is therefore invalid under the standards enunciated in *Lent* and *Ricardo P.*

We also agree with the parties that Yale's counsel could have had no tactical reason for failing to object to the invalid probation condition, that the failure to object prejudiced her, and that counsel therefore rendered ineffective assistance. (See *People v. Majors* (1998) 18 Cal.4th 385, 403; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.) Rather than treating the error as forfeited by Yale's failure to object (see *People v. Welch* (1993) 5 Cal.4th 228, 234–235), we shall order the condition stricken.

## DISPOSITION

The electronic search condition (Condition 12) is stricken. In all other respects, the judgment is affirmed.

TUCHER, P.J.

WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.

*People v. Yale* (A162470)